IN THE CIRCUIT COURT, SEVENTH
JUDICIAL CIRCUIT, IN AND FOR
ST. JOHNS COUNTY, FLORIDA

CASE NO: 552024CA001493A000MX

STEPHEN CHLEBUS,

    Plaintiff,

vs.

BUC-EE'S FLORIDA, LLC,
a Foreign Limited Liability Company,

    Defendant.
_____/

## COMPLAINT

COMES NOW Plaintiff, STEPHEN CHLEBUS, and sues BUC-EE'S FLORIDA, LLC, a Foreign Limited Liability Company, and alleges:

1.    This is an action for damages that exceeds the sum of FIFTY THOUSAND DOLLARS ($50,000.00), exclusive of costs, interest, and attorneys' fees.

2.    Plaintiff is a natural person residing in St. Johns County, Florida.

3.    Defendant, BUC-EE'S FLORIDA, LLC, is a Foreign Limited Liability Company authorized to do business and doing business in St. Johns County, Florida.

4.    Defendant, BUC-EE'S FLORIDA LLC, was the record owner of the property when Plaintiff was injured.

5.    At all times material hereto, Defendant, BUC-EE'S FLORIDA, LLC, was in possession of, owned, maintained, managed and/or controlled the premises located at 200 World Commerce Parkway, St. Augustine, St. Johns County, Florida, said business being open to the general public, including the Plaintiff herein.

6. Venue is proper in this Court as the incident giving rise to this action occurred in St. Johns County, Florida.

7. On or about November 21, 2023, Plaintiff visited Defendant's premises located at the above address as a business invitee.

8. At said time and place, Plaintiff was a business invitee, lawfully upon the premises of the Defendant, who owed Plaintiff a non-delegable duty to exercise reasonable care for Plaintiff's safety.

9. At that time and place, Plaintiff tripped and fell in the parking lot area, while stepping off an unmarked curb.

10. As a result of the fall, Plaintiff sustained bodily injury.

11. At all material times, Defendant, BUC-EE'S FLORIDA, LLC, through its agents and/or employees, owed a duty to its invitees and the public, to exercise reasonable and ordinary care to maintain its business, including the walkways, curbs, parking lots, and adjacent areas thereto, in a condition reasonably safe for use by its invitees, and the public.

12. At said time and place, Defendant breached its non-delegable duty owed to Plaintiff by committing one or more of the following omissions or commissions:

   a) Negligently failing to maintain or adequately maintain the sidewalk and/or parking lot area of the subject premises, thus creating a trip hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

   b) Negligently failing to inspect or adequately inspect the sidewalk and/or parking lot area of the subject premises, s specified above, to ascertain

whether the sidewalk and/or parking lot area constituted a trip hazard to patrons utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

c) Negligently failing to inspect or adequately warn the Plaintiff of the danger of the sidewalk and/or parking lot area of the subject premises, when Defendants knew or through the exercise of reasonable care should have known that said parking lot area was unreasonably dangerous, and that Plaintiff was unaware of same;

d) Negligently failing to adequately mark the sidewalk and/or curb area, leading to the parking lot, in a manner that it could be ascertained/identified, thus creating an unreasonably dangerous condition of on Defendants premises, when said condition was either known to Defendants or had existed for a sufficient length of time such that Defendants should have known of same had Defendants exercised reasonable care;

e) Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting/maintaining the parking lot area of the subject premises for dangerous conditions;

f) Negligently failing to train and/or inadequately training its employees to inspect the premises for dangerous conditions; and

g) Negligently failing to render aid to the Plaintiff after Plaintiff's fall and/or negligently rendering aid to the Plaintiff after the fall.

13. As a result, while Plaintiff was visiting Defendant's premises, Plaintiff fell while stepping off the sidewalk/curb into the parking lot area because the curb was unmarked and the

two colors of the curb and parking lot made the change in elevation indistinguishable, and as a result, Plaintiff sustained injuries as set forth below.

14. As a direct and proximate result of the negligence of Defendant, BUC-EE'S FLORIDA, LLC, Plaintiff suffered bodily injury in and about Plaintiff's body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer these losses in the future.

WHEREFORE, the Plaintiff, STEPHEN CHLEBUS, sues the Defendant, BUC-EE'S FLORIDA, LLC, for damages, costs, and interest where applicable, and such other relief as the Court may deem just.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues so triable.

MORGAN & MORGAN

*/s/ Jeffrey M. Moody*
**JEFFREY M. MOODY, ESQ.**
FBN: 0160570
501 Riverside Avenue, Suite 1200
Jacksonville, Florida 32202
Primary: jmoody@forthepeople.com
Secondary: sbuckland@forthepeople.com
phowarth@forthepeople.com
Phone: (904) 398-2722
Facsimile: (904) 361-4473
*Attorney for Plaintiff*